**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| XAVIER D. BATES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV2238-DJS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>MEMORANDUM OPINION</u>

On October 12, 2004, movant Xavier Bates pled guilty before this Court in Cause No. 4:04CR332-DJS to a count of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of distributing cocaine base in excess of five grams in violation of 21 U.S.C. § 841(a)(1). Following Bates' plea of guilty, a presentence report classified Bates as a career offender due to two prior convictions -- the sale of a controlled substance and second-degree burglary. Bates is currently serving an imprisonment term of 156 months imposed on February 1, 2005. Now before the Court is Bates' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Bates asserts that the assistance of counsel was ineffective in that his counsel did not adequately attack the career offender enhancement by failing to 1) check the prior offense charging documents and statutes of conviction; 2) argue

that Bates' prior convictions were not included in the indictment or plea agreement; and 3) argue that second-degree burglary is not a crime of violence for purposes of determining career offender status. Additionally, Bates argues that his trial counsel was ineffective in failing to perfect his appeal.

To state a claim for ineffective assistance of counsel, Bates must establish that trial counsel's performance was deficient in that it fell below an objective standard of reasonableness and that the deficient performance prejudiced Bates' defense. Strickland v. Washington, 466 U.S. 668, 688, 700 (1984). Bates must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Additionally, to show prejudice, Bates must establish "a reasonable probability that but for counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694.

At sentencing, Bates was found to have a total offense level of 31, which had been enhanced due to his career offender status. Bates claims that at the time of his guilty plea he was unaware that he could be found to have a career offender status and that his sentence could be enhanced because of this. While the plea agreement does estimate the total offense level to be 29, the following paragraph of the agreement states that "Prior convictions can affect the sentence and usually result in a harsher sentence."

(Plea Agreement [Doc. #5.2] at 7.) Furthermore, Bates' counsel's affidavit, submitted by the government, attests that Bates' counsel discussed the possible enhancement with Bates. (Gov't Ex. 2 [Doc. #5.3].) Bates fails to establish a deficiency on the part of his counsel. As has been recognized by the Eighth Circuit, "[t]he plea agreement merely calculates what the parties anticipated his sentence would be, based on what they knew at the time it was executed." United States v. Hager, 985 F.2d 945, 946 (8th Cir. 1993). Bates' counsel's alleged failure to accurately estimate the guideline sentencing range, standing alone, does not constitute ineffective assistance of counsel. See Thomas v. United States, 27 F.3d 321, 326 (8th Cir. 1994).

Bates also asserts that his counsel failed to fully investigate the nature of his prior convictions. Bates' counsel asserts that she did verify all the alleged convictions. (Gov't Ex. 2 [Doc. #5.3].) Furthermore, Bates does not identify any inaccuracies in the past crimes included on the presentence report. Bates has failed to show that his counsel acted unreasonably and how his counsel's alleged failure to review the accurately reported crimes prejudiced Bates.

Additionally, Bates argues that his attorney failed to point out to the Court at sentencing that the prior convictions utilized to enhance Bates' sentence were not identified in the original indictment or the plea agreement or proven beyond a

reasonable doubt, in violation of his Fifth and Sixth Amendment rights. "In Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998), the Supreme Court ruled a prior felony conviction is a sentencing factor for the court, not a fact issue for the jury." United States v. Carrillo-Beltran, 424 F.3d 845, 846 (8th Cir. 2005). Contrary to Bates' assertion, the Supreme Court in Shepard v. United States, 125 S. Ct. 1254, 1264 (2005), did not overrule Almendarez-Torres. See United States v. Perry, 437 F.3d 782, 787 (8th Cir. 2006) (finding that the Eighth Circuit is bound by Almendarez-Torres until the Supreme Court explicitly overrules it); United States v. Torres-Alvarado, 416 F.3d 808, 810 (8th Cir. 2005). In any event, a sentencing court applying the guidelines in an advisory manner is permitted to find sentence-enhancing facts by a preponderance of the evidence. United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006). In light of Almendarez-Torres, defendant's prior convictions do not need to be pled in the indictment or proven to a jury beyond a reasonable doubt. Bates' counsel's alleged failure to assert a meritless argument does not constitute ineffective assistance. See Rodriquez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

Bates further claims that his attorney failed to argue that his second-degree burglary conviction did not constitute a crime of violence for the purposes of determining career offender status under the sentencing guidelines. See U.S.S.G. § 4B1.1.

Bates does not oppose the government's assertion that he was convicted of second-degree burglary of a commercial building. Second-degree burglary of a commercial building is a crime of violence within the meaning of U.S.S.G. § 4B1.2(a) according to the Eighth Circuit. See United States v. Blahoski, 324 F.3d 592, 594-97 (8th Cir. 2003); United States v. Sun Bear, 307 F.3d 747, 752 (8th Cir. 2002); United States v. Stevens, 149 F.3d 747, 749 (8th Cir. 1998) (finding that "burglary of non-residential property qualifies as a crime of violence"); United States v. Hascall, 76 F.3d 902, 906 (8th Cir. 1996). As the Eighth Circuit has noted, "[i]t is the generic elements of burglary that matter -- unlawful entry into a building to commit a crime -- not the details of particular state statutes or the special circumstances of individual cases." United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997). Bates' counsel did object that Bates should not be qualified as a career offender, but this Court was not persuaded and found Bates to be a career offender. Additionally, Bates' attorney asserts that she argued to the Court that "the burglary offense, as set forth in the presentence report, was not a crime of violence for purposes of career offender status." (Gov't Ex. 2 [Doc. #5.3].) Given Bates' counsel's objection and the applicable cases mentioned above, this Court is not persuaded that counsel was ineffective.

Bates' final ground for relief is that his counsel

rendered ineffective assistance by failing to file a direct appeal
as requested by Bates.  The Eighth Circuit has had a number of
occasions to consider similar claims of ineffective assistance.

> A criminal defendant is entitled to effective assistance
> of counsel on a first appeal as of right . . . .  This
> Court has held that counsel's failure to file a notice of
> appeal when so instructed by the client constitutes
> ineffective assistance of counsel for purposes of section
> 2255.

Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989).  With
respect to such a claim, no showing of prejudice or likelihood of
success on appeal is required.  Id. at 649; Yodprasit v. United
States, 294 F.3d 966, 969 (8th Cir. 2002); Barger v. United States,
204 F.3d 1180, 1182 (8th Cir. 2000); Holloway v. United States, 960
F.2d 1348, 1356 (8th Cir. 1992).  However, Bates must show that "he
made his desire to appeal evident to his attorney." Yodprasit, 294
F.3d at 969.  "A bare assertion by the petitioner that [he] made a
request is not by itself sufficient to support a grant of relief,
if evidence that the fact-finder finds to be more credible
indicates the contrary proposition." Barger v. United States, 204
F.3d 1180, 1182 (8th Cir. 2000).

        "A prisoner is entitled to an evidentiary hearing on a
section 2255 motion unless the motion, files and records of the
case conclusively show that the prisoner is not entitled to
relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir.
1995).  "Accordingly, a petition can be dismissed without a hearing
if (1) the petitioner's allegations, accepted as true, would not

entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Id.

Bates also asserts that his attorney failed to consult with him concerning whether he wanted to appeal. (Movant's Traverse [Doc. #7] at 3.) The Court recognizes that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). However, Bates' factual assertion that his attorney failed to consult with him over whether he wanted to appeal is inconsistent with Bates' statement that he requested that his attorney file an appeal. "It is well settled in this Circuit that 'a single, self-serving, self-contradicting statement is insufficient to render the motion, files, and records of [the] case inconclusive . . . .'" Kingsberry v. United States, 202 F.3d 1030, 1033 (8th Cir. 2000) (quoting Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992)).

This Court is not persuaded that an evidentiary hearing is necessary as Bates' own assertions are mutually exclusive --

either he requested an appeal of his attorney or the attorney never consulted Bates concerning whether he wanted to appeal. Bates' attorney's affidavit attests that Bates did not ask to appeal and that he seemed pleased with the outcome, given that the Court sentenced him to 156 months when the guideline range was 188 to 235 months. (Gov't Ex. 2 [Doc. #5.3].) Furthermore, in his motion, Bates never asserts that he asked his counsel to file an appeal. He makes the assertion for the first time in his traverse, which falls outside the one-year time limit to file a motion under § 2255. 28 U.S.C. § 2255; see also Ford v. United States, 983 F.2d 897, 899 (8th Cir. 1993) (declining to address issues on appeal that movant did not include in his original 2255 petition or seek to add to the motion).

For all the foregoing reasons, and upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief on any basis argued in support of his § 2255 motion. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will be denied by a judgment entered separately herein this day.

Dated this __17th__ day of May, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE

8